UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
DEC 19 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LARSON MANUFACTURING COMPANY OF SOUTH DAKOTA, INC., | CIV 03-4244 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| ALUMINART PRODUCTS LIMITED, a Canadian company; and CHAMBERDOOR INDUSTRIES, INC., a Delaware Corporation, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Defendants' Motion to Alter Judgment, Doc. 269, and Motion for Attorney's Fees, Doc. 273. The Plaintiff has responded to the motions. For the reasons set forth below, the motions will be denied. Defendants also filed an Itemized Bill of Costs, Doc. 275, which the Court will direct the Clerk of Court to act upon pursuant to D.S.D. LR 54.1 (2007).

Defendants request an award of attorney's fees pursuant to 35 U.S.C. § 285, which provides that, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." In an opinion issued on September 26, 2007, the Court found Plaintiff engaged in inequitable conduct before the Patent and Trademark Office ("Patent Office"). (*See* Memorandum Opinion and Order, Doc. 267.) The Court recognizes a finding of inequitable conduct "can be one of serval bases sufficient to make a case exceptional for the purpose of awarding attorney fees under § 285." *Bruno Indep. Living Aids, Inc. v. Acorn Mobility Serv., Ltd.*, 394 F.3d 1348, 1355 (Fed. Cir. 2005). "[I]t has not been held[, however,] that every case of proven inequitable conduct must result in an automatic attorney fee award, or that every instance of inequitable conduct mandates an evaluation of the case as 'exceptional.'" *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1215 (Fed.

Cir. 1987). The decision whether to award fees under § 285 "is a two-pronged inquiry that requires, first, a factual find that the case is 'exceptional' and, second, a discretionary decision to award fees." *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1468 (Fed. Cir. 1997). For the reasons set forth below, the Court does not find this is an "exceptional" case, as that term is used in 35 U.S.C. § 285.

Although the Court does not find this is an appropriate case for an award of attorney's fees, the Court does not agree with Plaintiff's characterization of the inequitable conduct finding in this case as "an extremely close call." (Doc. 286 at p.2.) Moreover, the Court does not find the Reexamination proceedings before the Patent Office involving United States Patent No. 6,616,998 ("the '998 patent") were "an exceedingly complex and circuitous series of patent applications and a reexamination proceeding." (Doc. 286 at p. 2.) The patent lawyers hired by Plaintiff to represent it in the Reexamination Proceedings are experienced patent lawyers and reexamination proceedings are not unusual under the patent laws. Thus, while the Reexamination proceedings involving the '998 patent might have been complex and circuitous to a non-patent lawyer, they were routine to Plaintiff's lawyers in this case.

Nevertheless, the Court does not find this is an appropriate case for the award of attorney fees. As explained in the Court's Memorandum Opinion and Order, Doc. 267, setting forth the Court's Findings of Fact and Conclusions of Law from the Court trial in this action, the Court found Plaintiff engaged in inequitable conduct by failing to disclose to the Reexam Panel the following information: (1) the Genius Retractable Screen literature; (2) the Preferred Engineering Retractable Screen literature; (3) the German 19639478 patent (referred to as the "DE '478 patent'); and (4) Examiner Blair Johnson's adverse September 21, 2005 and June 23, 2006 Office Actions in the '039 Continuation. While the Court found evidence in the record indicating sufficient culpability to require a finding of intent to deceive, the Court notes that at least with regard to Examiner Johnson's adverse findings, Plaintiff did disclose to the Reexam Panel Examiner Johnson's earlier rejection of the '039 Continuation, as set forth in the September 9, 2004 Office Action. Accordingly, the Reexam Panel was at least aware of the '039 Continuation. In addition, the conduct involved in this

2

case is failure to disclose material information to the Patent Office, rather than the more egregious conduct of making an affirmative misrepresentation of material fact or submission of false material information to the Patent Office. Moreover, as pointed out by Plaintiff during the Court trial, Defendants could have advised the Reexam Panel of the existence of the information withheld by Plaintiff. In light of the above discussion, the Court finds the Defendants have not met their burden of proving this case is an "exceptional" case in which attorney fees must be awarded to prevent "'a gross injustice'" to Defendants. *Forest Lab., Inc. v. Abbott Lab.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (citation omitted). Accordingly, Defendants' motions will be denied.

IT IS ORDERED:

1. That Defendants' Motion to Alter Judgment, Doc. 269, is denied.

2. That Defendants' Motion for Attorney Fees, Doc. 273, is denied.

3. That the Clerk of Court shall act upon Defendants' Submission of Itemized Bill of Costs, Doc. 275, pursuant to D.S.D. CIV LR 54.1 (2007).

Dated this 19th day of December, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST
JOSEPH HAAS, CLERK
By:_____, Deputy
(SEAL)