UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LARSON MANUFACTURING COMPANY OF SOUTH DAKOTA, INC., | \* \* \* | CIV 03-4244 |
| Plaintiff, | \* \* | |
| -vs- | \* \* | MEMORANDUM OPINION AND ORDER |
| ALUMINART PRODUCTS LIMITED, a Canadian company; and CHAMBERDOOR INDUSTRIES, INC., a Delaware Corporation, | \* \* \* \* \* | |
| Defendants. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In an opinion issued on September 26, 2007, this Court found that Plaintiff Larson Manufacturing Company of South Dakota, Inc. ("Larson") engaged in inequitable conduct during the Reexamination of United States Patent No. 6,616,998 ("the '998 patent"), and the Court ruled that the '998 patent was unenforceable based upon that conduct. *Larson Mfg. Co. of South Dakota, Inc. v. AluminArt Products Ltd.*, 513 F. Supp. 2d 1102 (D.S.D. 2007). On appeal, the Federal Circuit affirmed in part, vacated in part, and reversed in part. *Larson Mfg. Co. v. Aluminart Prods. Ltd.*, 559 F.3d 1317 (Fed.Cir. 2009). The parties have submitted briefs to this Court on remand, and the Court has conducted a review of the record in light of the Federal Circuit's opinion.[1] For the following reasons, the Court finds that Defendants AluminArt Products Limited and Chamberdoor Industries,

---

[1]Given the specific guidance from the Federal Circuit in the present case, the Court sees no reason to delay resolution of the inequitable conduct claim until the Federal Circuit completes en banc review in *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1289 (Fed.Cir. 2010). The April 26, 2010 Order of the Federal Circuit specified six issues concerning inequitable conduct that should be addressed in new briefs, *Therasense*, 2010 WL 1655391 (Fed.Cir. 2010), and argument will not be held until November 9, 2010, *Therasense*, 2010 WL 2203531 (Fed.Cir. 2010).

Inc. (collectively referred to herein as "AluminArt") have not proven that the '998 patent is unenforceable by reason of inequitable conduct.

Consistent with the guidance of the Federal Circuit, this Court did not accept additional evidence. The background of this case and the facts found after trial are set forth in the prior opinions of this Court and they will not be repeated here.

## I. DISCUSSION

To hold a patent unenforceable on the grounds of inequitable conduct, "there must be clear and convincing evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the U.S. Patent and Trademark Office ...." *Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1363 (Fed.Cir. 2007). Inequitable conduct is "equitable in nature, and the trial court has the obligation to resolve the underlying facts of materiality and intent." *Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1110 (Fed.Cir. 2003). If the materiality and intent requirements are met, the court must then determine whether the cited conduct amounts to inequitable conduct by balancing the levels of materiality and intent; a greater showing of one allows a lesser showing of the other. *Larson*, 559 F.3d at 1327 (citing *Digital Control, Inc. v. Charles Machine Works*, 437 F.3d 1309, 1313 (Fed.Cir. 2006)); *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed.Cir. 2008) ("[T]he district court must still balance the equities to determine whether the applicant's conduct before the PTO was egregious enough to warrant holding the entire patent unenforceable."). "Thus, even if a threshold level of both materiality and intent to deceive are proven by clear and convincing evidence, the court may still decline to render the patent unenforceable." *Star Scientific*, 537 F.3d at 1365.

After the bench trial on July 17 and 18, 2007, this Court agreed with Aluminart's assertions that Larson failed to disclose the following material information to the Reexamination Panel: (1) the Genius Retractable Screen literature; (2) the Preferred Engineering Retractable Screen literature; (3) the DE '478 patent; (4) the '039 Continuation Office Action issued by Examiner Johnson on September 21, 2005 (Third Office Action); and (5) the '039 Continuation Office Action (Fourth Office Action) issued by Examiner Johnson on June 23, 2006. The Court also ruled that Larson had

withheld this material with the requisite intent. The Federal Circuit affirmed this Court's finding that the two omitted office actions were material, reversed the holding that the three prior-art references (the Preferred Engineering literature, the Genius literature and the German patent DE '478) were material, and remanded with instructions to determine whether Larson withheld the two office actions with deceptive intent.

## II. CONCLUSIONS OF LAW

A.     **Materiality**

### 1. Third Office Action dated September 21, 2005

The Federal Circuit affirmed this Court's holding that the Third Office Action was highly material because it was the first time that the examiner explained that the Johnson patent shows "the screen is attached 'across it's width' . . . to the coupling element. . . thereby indicating that such extends into the tracks." Larson did not disclose this view and, in fact, contrary to the '039 Continuation's examiner's view, Larson contended to the Reexamination Panel that the Johnson patent did not show a screen extending into tracks. Thus, Larson omitted highly material information.

### 2. Fourth Office Action dated June 23, 2006

To determine the level of materiality of the Fourth Office Action, the Federal Circuit instructed this Court to take into account that the German patent DE '478 is not material. The Court believes that the Fourth Office Action is less material after the Federal Circuit's holding that the German patent DE '478 is cumulative of the Kissinger patent and thus not material. The Fourth Office Action still is material, however, because it was an adverse decision based on a different explanation and interpretation of the Kemp patent and other prior art, and thus it was "clearly information that an examiner could consider important." *Dayco Prod., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1368 (Fed.Cir. 2003) ( "[w]hen prosecuting claims before the Patent Office, a patent applicant is, at least implicitly, asserting that those claims are patentable. A prior rejection of a substantially similar claim refutes, or is inconsistent with the position that those claims are patentable[,]" thus such a rejection "meets the materiality standard under the amended Rule 56.")

3

A reasonable examiner on the Reexam Panel would have considered it important to know another examiner was rejecting substantially similar claims in a co-pending patent application.

**B.     Intent**

"The intent element of inequitable conduct requires that 'the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive.'" *Cargill*, 476 F.3d at 1364 (quoting *Impax Labs., Inc. v. Aventis Pharm. Inc.*, 468 F.3d 1366, 1374-75 (Fed.Cir. 2006)). "Intent rarely can be, and need not be, proven by direct evidence." *Id.* Rather, "'intent may be inferred where a patent applicant knew, or should have known, that withheld information would be material to the [Patent Office's] consideration of the patent application.'" *Id.* at 1366 (quoting *Critikon*, 120 F.3d at 1256). The inference of deceptive intent "must not only be based on sufficient evidence and be reasonable in light of that evidence, but it must also be the single most reasonable inference able to be drawn from the evidence to meet the clear and convincing standard." *Larson*, 559 F.3d at 1340. "The patentee need not offer any good faith explanation unless the [party asserting inequitable conduct] first carries [its] burden to prove a threshold level of intent to deceive by clear and convincing evidence." *Star Scientific*, 537 F.3d at 1368. Once the party asserting inequitable conduct meets its threshold burden, however, it is "incumbent upon the patentee to rebut the evidence of deceptive intent with a good faith explanation for the alleged misconduct." *Id.*

The Court still believes intent to deceive the Patent Office is inferred by Larson's failure to disclose Examiner Johnson's adverse September 21, 2005 and June 23, 2006 Office Actions in the '039 Continuation. The September 21, 2005 and June 23, 2006 Office Actions by Examiner Johnson addressed issues Larson knew the Reexam Panel was examining. Those Office Actions involved substantially similar claims to the '998 patent and Examiner Johnson's rejection of those claims contradicted Larson's arguments to the Reexam Panel. Although Larson did not notify the Reexam Panel of Examiner Johnson's rejection of several claims found to not be patentably distinct from the claims before the Reexam Panel, Larson *did* notify Examiner Johnson of the Notice of Intent to Issue an Ex Parte Reexamination Certificate filed by the Reexam Panel on January 26, 2006. (Ex. 218 at 039 FH 0124-125). Larson presumably submitted the Reexam Panel's favorable decision on the

'998 patent in an attempt to convince Examiner Johnson he was in error in rejecting Larson's claims in the '039 Continuation. Larson offered no explanation for why the allowance of claims by the Reexam Panel would be material to Examiner Johnson but the rejection of the claims in the '039 Continuation would not be material to the Reexam Panel. The Court believes Larson did not want the Reexam Panel to know Examiner Johnson was finding substantially similar claims unpatentable. The inference of deceptive intent is the most reasonable inference able to be drawn from the evidence. *See McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 926 (Fed.Cir. 2007) (affirming inference of intent to deceive based on applicant's failure to disclose a prior rejection of a similar claim in a related application).

Once clear and convincing evidence of intent to deceive is established, Larson can rebut it by providing sufficient evidence of good faith. As part of this good-faith analysis, the Federal Circuit directed this Court to consider: 1) that Larson notified the Reexam Panel of the '039 Continuation; 2) that Larson disclosed several pleadings from this lawsuit to the Reexam Panel; and 3) that Larson notified the Reexam Panel that there was a Second Office Action in the '039 Continuation. Disclosure of the existence of the '039 Continuation is not evidence of Larson's good faith because Aluminart had already disclosed it in its Reexam request. Because this lawsuit does not involve the '998 Reexam or the '039 Continuation, providing copies of pleadings from this lawsuit is not evidence of Larson's good faith. The Second Office Action did not refer to the claims which were rejected by Examiner Johnson in the Third and Fourth Office Actions, so its disclosure does not show Larson's failure to disclose the Third and Fourth Office Actions was done in good faith. Larson still has not provided any good faith explanation for disclosing favorable information in the '039 Continuation while failing to disclose the unfavorable Third and Fourth Office Actions to the Reexam Panel and the issues they raised as to patentability. After all of the briefing that has been done in this case, the Court is still left without an explanation for a knowing failure to disclose, and this supports an inference that Larson intended to mislead the Reexam Panel.[2]

---

[2] On pages 15 and 16 of Larson's Responsive Brief, Doc. 350, it appears Larson is attempting, for the first time, to explain why the Third and Fourth Office Actions were not disclosed by arguing that those Actions would not have been important to the '998 Reexam Panel. This argument is untenable in light of the Federal Circuit's holding that the Third and Fourth Office Actions contained valuable reasoning and rejections which an examiner could consider important.

C.  **Balancing**

If a court concludes that the elements of materiality and intent have been established by clear and convincing evidence, the court "must then 'balance the equities to determine whether the patentee has committed inequitable conduct that warrants holding the patent unenforceable.'" *Cargill*, 476 F.3d at 1364 (quoting *Monsanto Co.*, 363 F.3d at 1239). "Under the balancing test, '[t]he more material the omission or the misrepresentation, the lower the level of intent required to establish inequitable conduct, and vice versa.'" *Id.* (quoting *Critikon*, 120 F.3d at 1256).

Having found that Larson intentionally and materially deceived the Reexam Panel, the Court proceeds to balance the equities. After careful consideration, the Court still finds the Third Office Action to be highly material but the materiality of the Fourth Office Action has been diminished by the appellate determination that the DE '478 patent information is not material. Balancing the diminished materiality of the omitted information and Larson's intent, the Court finds that Larson's conduct was not so egregious as to warrant holding its patent unenforceable. Accordingly,

> IT IS ORDERED that Aluminart has not proven that the '998 patent is unenforceable due to inequitable conduct by Larson Manufacturing Company, and the Amended Judgment that was entered in favor of Aluminart, doc.289, is vacated.

Dated this 28th day of July, 2010.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: /s/ Summa Watford , Deputy
(SEAL)