

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JAN 24 2011

******************************************************************************

| | | |
|---|---|---|
| LARSON MANUFACTURING COMPANY OF SOUTH DAKOTA, INC., | * * * * | CIV 03-4244 |
| Plaintiff, | * * | |
| -vs- | * * | MEMORANDUM OPINION AND ORDER |
| ALUMINART PRODUCTS LIMITED, a Canadian company; and CHAMBERDOOR INDUSTRIES, INC., a Delaware Corporation, | * * * * * | |
| Defendants. | * * | |

******************************************************************************

    In this litigation, Plaintiff Larson Manufacturing Company of South Dakota ("Larson") contends Defendants Aluminart Products Limited and Chamberdoor Industries, Inc. ("Aluminart") are infringing on a patent Larson was issued on September 16, 2003, United States Patent No. 6,618,998 ("the '998 Patent"). The '998 Patent relates to an exterior multi-season door with a variable length screen. The door has a spring-loaded roll of screen attached to a moveable insert or sash, such as a glass window pane, which allows the user to easily increase or decrease the amount of ventilation. This type of door allows the user to increase ventilation by moving the glass window pane down to withdraw screen material from its retracted position and cover the area where the glass insert was moved from. To decrease ventilation, the user moves the glass window pane upwards, which will allow the screen to retract. Larson claims that Aluminart's retractable-screen "View and Vent" storm door infringe claims 14 and 21 of the '998 patent.

    Recently, Aluminart requested a ruling on its motion for summary judgment which was filed on June 7, 2007 (doc. 163). In that motion, Aluminart argues that it is entitled to summary judgment because Aluminart's doors cannot infringe, literally or under the doctrine of equivalents, Larson's '998 patent as a matter of law. Aluminart asserts that its doors do not slidably engage the retractable screen to the moveable window insert; and that Aluminart's current door lacks weather stripping

located in or carried by the screen tracks, as required by the '998 patent claims. Larson also filed a motion for summary judgment on infringement in June of 2007 (doc. 178), claiming that every element of claims 14 and 21 of the '998 patent is found in Aluminart's doors. Larson objects to reviving these motions for summary judgment and asks the Court to schedule the case for trial.

## BACKGROUND

The parties' motions for summary judgment on infringement were filed after the Court construed the claims at the Markman hearing, and before the court trial was held on the inequitable conduct claim on July 17 and 18, 2007. After the court trial, the Court found that Larson engaged in inequitable conduct and thus its patent was unenforceable. In light of that ruling, there was no need to address the parties' motions for summary judgment on patent infringement, and the motions were denied as moot. (Doc. 267)

The Federal Circuit reversed and remanded this case after deciding that some of the information withheld from the Reexam Panel by Larson was not material. On remand, Aluminart asked to be allowed to file a motion for summary judgment claiming that Larson's patent is invalid as obvious because the '998 patent requires nothing more than the combination of known elements in the Johnson and Kissinger patents. Aluminart said the motion was necessary in light of the Federal Circuit's decision in this case, and the Supreme Court's decision on obviousness in *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007). Before ruling on that motion, however, the Court addressed the inequitable conduct issues as directed by the Federal Circuit on remand. Balancing the diminished materiality of the omitted information and Larson's intent, the Court found that Larson's conduct was not so egregious as to warrant holding its patent unenforceable. (Doc. 367.)

Subsequently, the Court denied Aluminart's motion for summary judgment based on obviousness. (Doc. 377.) After considering Larson's '998 patent in light of the prior art Johnson and Kissinger patents, the Court found Aluminart failed to carry its burden of demonstrating obviousness by clear and convincing evidence.

Aluminart correctly asserts that its motion for summary judgment on infringement, filed on June 7, 2007, is no longer moot in light of the Court's ruling, in 2010, that Larson did not engage

in inequitable conduct. Had the Court made that ruling after the trial in 2007, it would have gone on to address the parties' motions for summary judgment on infringement. Larson's motion for summary judgment also is no longer moot. Thus the Court will address both parties' motions for summary judgment on infringement.

## DISCUSSION

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c)(1); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988).

Larson moved for judgment of infringement and Aluminart moves for judgment of noninfringement with respect to the '998 patent. An infringement analysis entails two steps: (1) determining the meaning and scope of the patent claims asserted to be infringed and, (2) comparing the properly construed claims to the device accused of infringing. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed.Cir.1995), *aff'd*, 517 U.S. 370 (1996). This Court already construed the meaning and scope of the patent claims in its Opinion of March 20, 2007. (Doc. 128.) Thus the Court will address the second step of the infringement analysis.

In order to prove infringement, a patent owner must show that an accused device "incorporates every limitation of a claim, either literally or under the doctrine of equivalents." *MicroStrategy, Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1352 (Fed.Cir.2005) (citation omitted). To find literal infringement, each claim limitation must be present in the accused device; any

3

deviation precludes such a finding. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed.Cir. 2001). In the absence of literal infringement, the doctrine of equivalents allows patentees "to claim those insubstantial alterations that were not captured in drafting the original patent claim but which could be created through trivial changes." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 733 (2002).

Larson is asserting two independent claims, claims 14 and 21, from patent '998. Several elements of these claims are explicitly or implicitly admitted by Aluminart to be part of its device. The relevant elements of both claims as to which a dispute exists are the "slidable engagement" between a retractable screen and a window insert,[1] and "weather stripping" added to the tracks that carry the retractable screen. Larson argues that the retractable screen of Aluminart's View and Vent door is connected to a glass insert by way of an L-shaped connector that slidably engages a complementary connector secured to the top of the insert; that the door jambs have a set of tracks for the screen and a set of tracks for the glass insert; and that each screen track has facing weather stripping.

According to Aluminart, there is no slidable engagement. Engagement of the retractable screen to the window of the View and Vent door is accomplished by "hooking" the connector/member at the end of the retractable screen to the corresponding engagement structure at the top of the window insert. There is no connector element or engagement feature that "slidably engages" or is "slidably engaging" the moveable window insert as required literally by claims 14 and 21 of the '998 patent. Furthermore, Aluminart asserts that its current doors with the fabric track design change made in February 2005 also literally lack "weather stripping" as required by claims 14 and 21. Rather, version two of Aluminart doors contain plastic fins molded with the screen track, the purpose of which is to prevent insects from passing through the screen, and to hide the screen edges in the fabric channel.

---

[1] Claim 14 requires that an "L-shaped connector . . . slidably engages an elongated section of the insert." Claim 21 requires an "L-shaped member for slidably engaging the elongated connection region formed on the end of the insert."

4

In the Markman Order, the Court construed the "slidably engages" (claim 14) and "slidably engaging" (claim 21) as follows:

> The Court has reviewed the specification and prosecution history, including the reexamination proceedings, and does not find that the language in claim 14 of "slidably engages" or in claim 21 of "slidably engaging" is limited to "lengthwise" or "horizontal" sliding. The Court recognizes the directional arrow in Figure 8 demonstrates a lengthwise or horizontal sliding movement. And, although the alternatives in the description of Figure 8 could be construed to be excluded from the meaning of "slidably" engaging, the later use of the phrase "slidably engage" in the specification to describe Figure 12 and in reference to using attachment clips does not restrict the word slidably to lengthwise or horizontal sliding.
>
> The Court consulted the Webster's Third New International Dictionary (1981) for the definition of slidably, which is an adverb defined as "capable of sliding or being slid." The Court will adopt Plaintiff's construction of the term "slidably engages" (claim 14) and "slidably engaging" (claim 21), which is "to engage by sliding," because it adds clarity to the unusual term "slidably," and it is consistent with the claim language, specification and prosecution history, which do not restrict sliding to any specific direction.

(Doc. 128 at 8-9.) "Weather stripping" was construed as:

> The Court will adopt the construction of "weather stripping" proposed by Defendants: a sealing material added to a fabric or screen track. The Court does not find the specification or prosecution history shows that weather stripping has been given a meaning in the '998 Patent different from the ordinary and accustomed meaning of the term weather stripping. In reaching the conclusion to adopt Defendants' proposed construction, the Court considered the definition of weather stripping in Webster's Third New International Dictionary (1981): "a strip of material to cover the joint of a door or window and the sill, casing, or threshold so as to exclude rain, snow, and cold air." The claims at issue in this case make clear that the weather stripping is added to the fabric or screen tracks: "elongated, facing, weather stripping *located in* each fabric track" (claim 14); "the screen tracks *carry* elongated weather stripping" (claim 21). The function of the weather stripping in the '998 Patent is to assist in retaining the screen in the screen track, but this proposed construction by Plaintiff does not include a description of what the ordinary and accustomed meaning of the function of weather stripping is, i.e. to seal, and it does not include the notion that the weather stripping is added to the screen or fabric tracks.

(Doc. 128 at 6.)

Both parties argue that the Court's construction of "slidably engage" and "weather stripping" support their infringement argument. The Court concludes that a factual dispute exists regarding whether Aluminart's door infringes on the '998 patent claims. A reasonable jury could find either that the Aluminart retractable screen slidably engages to the window of the View and Vent door, or that it is accomplished by "hooking" the end of the retractable screen to the corresponding engagement structure at the top of the window insert. Furthermore, a reasonable jury could find that the plastic fins molded with the screen track meet the requirement of "weather stripping," or that they do not. Accordingly, disputed issues of material fact exist, and the parties' cross-motions for summary judgment on the issue of literal infringement will be denied.

The doctrine of equivalence enables a patent owner to prove infringement, despite a lack of literal infringement, where the differences between the claimed product and the accused product are equivalent. Depending on the facts of a case, courts apply one of two tests to determine equivalence. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39-40 (1997) (noting regardless of the test applied, the central inquiry is whether "the accused product or process contain[s] elements identical or equivalent to each claimed element of the patented invention"). First, under the insubstantial differences test, "[a]n element in the accused device is equivalent to a claim limitation if the only differences between the two are insubstantial." *Voda v. Cordis Corp.*, 536 F.3d 1311, 1326 (Fed.Cir. 2008) (citation omitted). Alternatively, the function-way-result test defines equivalence as where "an element in the accused device ... 'performs substantially the same function in substantially the same way to obtain substantially the same result' " as the claim limitation. *Id.* (quoting *Schoell v. Regal Marine Industries, Inc.*, 247 F.3d 1202, 1209-10 (Fed.Cir. 2001)). "An infringement determination under the doctrine of equivalents is a question of fact, *see Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1125 (Fed.Cir.1996), but there is no impediment to summary judgment if there are no material facts at issue." *Bloomstein v. Paramount Pictures Corp.*, 1999 WL 693869, *2 (Fed. Cir. 1999) (unpublished).

Aluminart's expert, Dr. Jerry Hall, opines that Aluminart's doors do not "slidably engage" a glass insert, but engage a glass insert by "hooking," a process he says cannot be considered equivalent to slidably engaging. (Doc. 183-8.) Dr. Hall also believes the plastic fins molded with the screen track on Aluminart version two doors do not perform substantially the same function or give the same

6

result as the claimed weather stripping or the '998 patent. Larson's expert, William Lee, opines that Dr. Hall is wrong and that Aluminart's doors infringe because the engagement takes place by sliding, and because the "fins" function in substantially the same way as weather stripping. (Doc. 168-18.)

Based on the record, the Court is unable to resolve the varying interpretations of how the engagement with the glass insert takes place or whether the fins are substantially the same as weather stripping. Genuine disputes as to material facts exist, and Aluminart's motion for summary judgment under the doctrine of equivalents will be denied. Accordingly,

IT IS ORDERED that the parties' cross-motions for summary judgment, Doc. 163 and Doc. 178, are denied, and the Court will issue an order scheduling the case for trial.

Dated this 21st day of January, 2011.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: *[signature]* Deputy
(SEAL)

7